IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDY RODRIGUEZ<br>  Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 5:17-cv-00928 |
| LIBERTY MUTUAL INSURANCE, INC.<br>  Defendant. | § § § | |

### DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Liberty Mutual Insurance, Inc. ("Liberty")[1] files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully show the following:

### *Procedural Background*

1. On August 9, 2017, Plaintiff Andy Rodriguez ("Plaintiff") filed his Original Petition ("Original Petition") styled Cause No. C2017-1353B, *Andy Rodriguez v. Liberty Mutual Insurance, Inc.*[2] in the 207th Judicial Court, Comal County, Texas. Liberty was served with citation on August 22, 2017.

### *Nature of the Suit*

1. This lawsuit involves a dispute over the handling of Plaintiff's insurance claim made pursuant to Plaintiff's employer, Red Bird Farms Company's ("Red Bird") commercial

---

[1] Liberty Mutual Insurance, Inc. was incorrectly named in this suit. Peerless Indemnity Insurance Company issued the subject policy in this case.
[2] Cause No. C2017-1353B is styled *Andy Rodriguez v. Liberty Mutual Insurance, Inc.* Notwithstanding, and as discussed above, the correct insuring entity is Peerless Indemnity Insurance Company.

1

automobile insurance policy with Peerless Indemnity Insurance Company ("Peerless").[3] Plaintiff alleges he was injured in an automobile accident on January 22, 2015, and the adverse driver was underinsured as defined by the terms of the policy. The adverse driver, Nancee Conkright ("Conkright") and her insurer tendered policy limits of $30,000, and Plaintiff's Petition seeks monetary relief above and beyond this amount. Plaintiff further alleges Liberty has wrongfully refused to pay insurance benefits he is entitled to recover under his employer's policy. Plaintiff claims Liberty breached the underlying contract of insurance for underinsured motorist benefits. Plaintiff also claims that Liberty violated certain provisions of the Texas Insurance Code, violated the Texas Deceptive Trade Practices Act, engaged in fraud, and committed bad faith in the handling of Plaintiff's claims.

### *Basis for Removal*

2. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. There is complete diversity of citizenship between the parties. At the time Plaintiff filed his Original Petition on August 9, 2017, and as of the date of filing this Notice, Peerless was and is a company organized under the laws of the state of Massachusetts, and has its principal place of business in Boston, Massachusetts. Accordingly, at the time of filing of this suit and through the filing of this Notice, Peerless was and is considered an out-of-state citizen for diversity jurisdiction purposes.[4]

---

[3] In order to avoid confusion for the purposes of this motion, the Peerless Indemnity Insurance Company policy and entity will be referred to as "Liberty," as sued.

[4] As discussed above, Peerless Indemnity Insurance Company, the proper defendant in this case, was, at the time Plaintiff filed his Original Petition, and is a company organized under the laws of the State of Massachusetts. Its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Therefore, Peerless is considered an out-of-state citizen for diversity jurisdiction purposes.

2

4. Upon information and belief, Plaintiff was a citizen of Texas when he filed his Original Petition and continues to be a citizen of Texas.[5]

5. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Original Petition makes clear this threshold has been met. Specifically, Plaintiff's Original Petition states Plaintiff seeks, "monetary relief for more than ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)."[6] This is in accordance with Texas Rule of Civil Procedure 47, which requires a party to include a statement regarding the amount of damages he seeks in an original pleading. The Rule requires the party to identify one of 5 pre-determined damage ranges, two of which address claims for damages less than $100,000.00.[7] Accordingly, Plaintiff's own pleading establishes that he intends to seek damages in excess of $75,000.00.

6. Also, when considering the nature and scope of the causes of action alleged by Plaintiff, it is clear that the actual amount in controversy exceeds $75,000.00, exclusive of interest and costs. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees... penalties, statutory damages, and punitive damages."[8]

---

[5] Exhibit A, Plaintiff's Original Petition, ¶ 2.

[6] In his Original Petition, Plaintiff pleads the amount of damages he seeks pursuant to TRCP 47. TRCP 47 (Claims for Relief) provides in pertinent part: "an original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third-party claim, shall contain ...a statement that the party seeks: (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or (2) monetary relief of $100,000 or less and non-monetary relief; or (3) monetary relief over $100,000 but not more than $200,000..." See also Exhibit A, Plaintiff's Original Petition, ¶ 28.

[7] Exhibit A, Plaintiff's Original Petition ¶ 28; *See also De Aguilar*, 47 F.3d at 1412-13 (explaining "there is no state provision that limits the amount of damages plaintiffs are seeking, or can recover, to the amount they have asked for in the complaint," and therefore, absent a state law that prohibits recovery of damages that exceed those requested in the ad damnum clause and that prohibits the initial ad damnum to be increased by amendment, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints").

[8] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. Liberty Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after

Here, Plaintiff claims his injuries are permanent, requires future medical attention, and seeks over $1,000.000.[9] Additionally, Plaintiff sent a demand letter on March 28, 2017 to Liberty alleging the $1,000,000 policy limits for underinsured motorist benefits, pursuant to Policy Number BA1554368, will not cover his past and future medical expenses.

7.  Further, Plaintiff seeks actual damages, additional damages, treble damages, and statutory penalties for his claims of violations of the Texas Insurance Code and Texas Business and Commercial Code.[10] Plaintiff also seeks attorney fees.[11] Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### *The Removal is Procedurally Correct*

8.  Liberty was first served with the Original Petition on August 22, 2017. Therefore, Liberty filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

9.  Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

---

considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[9] Plaintiff's Original Petition, ¶ 23-28.
[10] *Id.*, ¶ 29-33.
[11] *Id.* ¶ 34.


11. Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Comal County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty Mutual Insurance, Inc.[12] requests this action be removed from the 207th Judicial District Court of Comal County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS TREAT, LLP

*(signature: Amanda James)*

David R. Stephens
State Bar No. 19146100
Amanda N. James
State Bar No. 24092570
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
ajames@lstlaw.com

*Counsel for Defendant*

---

[12] As discussed earlier in this Notice of Removal, Peerless Indemnity Insurance Company was incorrectly named as Liberty Mutual Insurance, Inc. in this suit. Peerless Indemnity Insurance Company, and not Liberty Mutual Insurance, Inc., issued the subject policy in this case.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy *e-mailed* on this **22d** day of **September 2017**, addressed to those who do not receive notice from the Clerk of the Court.

Thomas J. Henry
Robert P. Wilson
THE LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78411

_____
David R. Stephens / Amanda N. James