# EXHIBIT A

FILED
C2017-1353B
8/9/2017 11:52 AM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Cathy Ownbey

C2017-1353B

CAUSE NO. _____

| | | |
|---|---|---|
| ANDY RODRIGUEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | _____ JUDICIAL DISTRICT |
| LIBERTY MUTUAL INSURANCE, INC. | § | |
| *Defendant* | § | |
| | § | |
| | § | |
| | § | COMAL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE AND ATTACHED DISCOVERY

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW ANDY RODRIGUEZ,** hereinafter referred to by name or as Plaintiff, and

complains of **LIBERTY MUTUAL INSURANCE** and, hereinafter referred to by name or as

Defendant, and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.　　Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES

OF CIVIL PROCEDURE.

### II.
### PARTIES

2.　　Plaintiff Andy Rodriguez is an individual residing in Texas.

3.　　Defendant **LIBERTY MUTUAL INSURANCE,** is a domestic insurance company and may

be served with process through its registered agent for service of process, Corporation Service

Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.

## III.
## JURISDICTION & VENUE

**4.** Jurisdiction is proper before this Court because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

**5.** Venue is mandatory in Comal County, Texas pursuant to Texas. Insurance Code §1952.10, because Mr. Rodriguez resided in Comal County at the time of the accident, and, additionally, Comal County is the county in which the accident occurred.

## IV.
## FACTS

**7.** This is a suit to recover damages arising from **LIBERTY MUTUAL**'s unfair refusal to pay insurance benefits pursuant to the policy of automobile insurance sold to the Plaintiff. Specifically, Defendant has refused to pay Plaintiff's claims under the Uninsured/Underinsured Motorist provisions of the policy. Plaintiff seeks relief under the common law, the DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT (DTPA), and the TEXAS INSURANCE CODE.

**9.** On or about January 22, 2015, Plaintiff **ANDREW RODRIGUEZ** was operating a 2015 Toyota Forerunner owned by Redbird Farms Distribution, in a prudent and lawful manner, travelling north on U.S. Highway 281. Nancee Conkright was driving a 2014 Ford Explorer, and failed to yield the right-of-way to Mr. Rodriguez at the intersection of Highway 281 and State Highway 311. Ms. Conkright's vehicle struck Mr. Rodriguez's left front quarter; the impact caused Mr. Rodriguez's

vehicle to spin and leave the roadway. The collision resulted in property damage and severe personal injuries to Mr. Rodriguez's body, as more fully set forth below. Trooper Joshua Lee Walter, Texas Department of Public Safety, responded to the scene and cited Nancee Conkright with Failure to Yield Right of Way.

10.     Prior to January 22, 2015, Defendant **LIBERTY MUTUAL** issued Redbird Farms Distribution an insurance policy protecting against loss caused by bodily injury and property damages caused from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle (Policy No. BA1554368). Such policy was in full force and effect on January 22, 2015. Andrew Rodriguez was a covered person under such policy.

11.     Nancee Conkright was, at the time of the occurrence described above, operating an underinsured/uninsured vehicle, as that term is defined in the policy of insurance issued by the Defendant **LIBERTY MUTUAL**. Plaintiff timely and properly notified Defendant **LIBERTY MUTUAL** of the accident. Plaintiff would show that a policy of insurance with Defendant **LIBERTY MUTUAL** had uninsured motorist coverage. Plaintiff has fully complied with all conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant **LIBERTY MUTUAL** has failed and refused, and still fails and refuses, to pay Plaintiff reasonable benefits under this policy as it is contractually required to do.

11.     On November 11, 2016, Nancee Conkright's insurer tendered $30,000 to settle Plaintiff's claims against Conkright. This amount is not sufficient to cover Plaintiff's damages.

12.     From January 22, 2015 to the present, **LIBERTY MUTUAL** continued to adjust and evaluate Plaintiff's uninsured/underinsured motorist claims under their policy with **LIBERTY MUTUAL**,

under Claim No. 005473090. Throughout the claims adjustment process, **LIBERTY MUTUAL** has

failed to tender the policy limits to Plaintiff and has refused to tender a reasonable amount of insurance

proceeds to cover Plaintiff's loss and damages as of the date of this filing. Further, Plaintiff's damages

are ongoing and as of the date of this filing, exceed the underlying policy. In addition, from January 22,

2014 to the date of this filing, **LIBERTY MUTUAL** has refused to alter or adjust their unreasonable

position, in breach of their insurance agreement with Plaintiff. Therefore, Plaintiff has been forced to

seek relief from this Honorable Court and jury for the damages sustained by **LIBERTY MUTUAL'S**

conduct.

13.     Since learning that Nancee Conkright was an underinsured driver, Defendant **LIBERTY**

**MUTAL** has refused to fairly pay Plaintiff's claim under the Motorists provisions of the insurance

policy, under which he is a beneficiary.

## V.
## CAUSES OF ACTION

### A.     BREACH OF CONTRACT

**13.**    There was a valid and enforceable contract, an automobile insurance policy issued between

Plaintiff's employer, Red Bird Farms, and **LIBERTY MUTUAL**. As such, Plaintiff and **LIBERTY**

**MUTUAL** are in privity of the contract. Further, Redbird Farms performed their obligations under

the contract when they tendered performance in the form of consideration for the insurance policy,

and paid their policy premiums. **LIBERTY MUTUAL** breached its obligations under the insurance

policy and contract when it failed to tender the policy limits to cover  ANDREW RODRIGUEZ'S

injuries, as promised and warranted in the policy. **LIBERTY MUTUAL** also breached the contract

after Red Bird Farms tendered good and valid consideration for the policy and after Red Bird Farms performed its contractual obligations, Defendant failed to perform under said contract. Finally, **LIBERTY MUTUAL's** breach of contract has caused Plaintiff's injuries.

**B.**   **UNFAIR INSURANCE PRACTICES**

**14.**   Defendant **LIBERTY MUTUAL** is guilty of unfair insurance practices in violation of ARTICLE 21.21, § 16 and CHAPTER 541 of the TEXAS INSURANCE CODE, and the statutes, rules, and regulations incorporated by the provision. These unfair practices have been producing causes of Plaintiff's actual damages.

**15.**   Plaintiff asserts claims against Defendant, pursuant to TEXAS INSURANCE CODE §541.061. Plaintiff would show that Defendant made misrepresentations about the insurance policy made the basis of this lawsuit. Plaintiff would show that Defendant made untrue statements of material fact in violation of TEX. INS. CODE §541.061(2).

**16.**   In the alternative, Plaintiff would argue that Defendant made statements in a way that would lead a reasonably prudent person to a false conclusion about a material fact in violation of TEX. INS. CODE §541.061(3). Defendant also made a material misrepresentations of law, and failed to disclose matters that were required by law to be disclosed to Plaintiff in violation of TEX. INS. CODE §541.061(4).

**17.**   Notwithstanding the bad faith or breach of the duty of fair dealing as set forth above, Defendant also engaged in other unfair settlement practices against Plaintiff. Plaintiff would show that Defendant violated TEX. INS. CODE §541.060 when Defendant engaged in the following acts or

practices:

    a.    Misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue in violation of TEX. INS. CODE §541.060(a)(1);

    b.    Failing to attempt, in good faith, to bring about a prompt, fair, and equitable settlement of a claim in violation of TEX. INS. CODE §541.060(a)(2)(A);

    c.    Failing to promptly provide a policy holder a reasonable explanation, based on the policy as it relates in the fact or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim in violation of TEX. INS. CODE §541.060(a)(3); and

    d.    Failing to affirm or deny coverage of a claim to a policy holder within a reasonable amount of time in violation of TEX. INS. CODE §541.060(a)(4)(A).

18.    For further pleading, in the alternative, and should such be necessary, Plaintiff would show that Defendant has acted in bad faith in the manner in which it has handled Plaintiff's ongoing claim. Plaintiff presented a legitimate claim to Defendant. Plaintiff claims, the past, ongoing, and future damages involved exceeds the amount covered in the policy. Therefore, Plaintiff believes it to be unconscionable and an act of bad faith that Defendant would refuse to tender the full policy limits to cover the damages Plaintiff has incurred, even though Plaintiff has sustained permanent and life altering injuries and damages. Further, it is apparent to any reasonable and prudent insurance provider that Plaintiff's damages exceed the amount covered under the policy.

**C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

19.    Defendant **LIBERTY MUTUAL** has breached their duty of good faith and fair dealing by denying Plaintiff's uninsured/underinsured motorist claims without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiff's claims and failing to effect prompt resolution of Plaintiff's claims. Defendant's breach has been a producing and proximate cause of Plaintiff's actual damages.

## D. VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

20. Defendant **LIBERTY MUTUAL** is liable because their actions constitute violations of the

TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, Defendant violated the DTPA in

one or more of the following aspects:

    a.    Representing that the goods or services have characteristics or benefits that they do not have in violation of TEX. BUS. & COMM. CODE § 17.56(b)(5);

    b.    Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE §17.46(b)(7);

    c.    Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

    d.    Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE § 17.46(b)(23); and

    e.    Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50 (a)(3).

## E. FRAUD

21. Defendant **LIBERTY MUTUAL** made representations to Plaintiff about the insurance

policy. The representations made by the Defendant were material and false. When Defendant made

the representations, Defendant knew the representations were false, or Defendant made the

representations recklessly, as positive assertions, and without knowledge of the truth of the

representations. Defendant made the representations with the intent that Plaintiff act on them.

Plaintiff acted on them by purchasing and paying for the insurance policy the subject of this suit.

Plaintiff relied on the representations made by Defendant and believed then to be fully covered by

LIBERTY MUTUAL's insurance policy. Plaintiff's reliance on the representations made by Defendant caused Plaintiff's injury.

**F.     AGENCY AND RESPONDENT SUPERIOR**

22.    As it relates to each and every cause of action set forth herein, Plaintiff asserts the legal theories of agency and *respondent superior* as those terms apply. **LIBERTY MUTUAL's** employees, agents, or sub-contractors were responsible for some, or all, of the conduct of **LIBERTY MUTUAL**. Thus, any and all acts or omission of **LIBERTY MUTUAL's** employees, agents, or sub-contractors that caused harm to Plaintiff are acts of **LIBERTY MUTUAL** pursuant to Texas law. Further, the acts, conduct and/or omissions made by or done by any one Defendant were done with the actual, implied, or apparent knowledge of all **LIBERTY MUTUAL**. Therefore, Plaintiff seeks recovery against **LIBERTY MUTUAL** under the theories of agency or of *respondent superior* for any cause of action alleged herein or for any intentional, knowing, reckless, or negligent acts or omission caused by **LIBERTY MUTUAL's** agents.

**VI.**
**DAMAGES**

23.    Defendant's acts have been producing and proximate causes of damages to Plaintiff within the jurisdictional limits of this Court.

24.    As a direct and proximate result of the collision with Nancee Conkright, Plaintiff Andrew Rodriguez suffered severe bodily injuries to his head, neck, back, and other parts of his body generally. Plaintiff's body was bruised, battered and contused and he suffered great shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the

Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

25.    As a further result of all of the above, Plaintiff has incurred expenses for their medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

26.    As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

27.    As a further result, Plaintiff suffered property damages, loss of income and/or loss of earning capacity.

28.    Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief for more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff Andrew Rodriguez deems himself justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## ADDITIONAL DAMAGES AND PENALTIES

**29.**    Defendant's conduct was committed intentionally. Accordingly, Defendant is liable for additional damages as authorized by TEXAS. INS. CODE CHAPTER 540 and TEX. BUS. & COMM. CODE § 17.50 (b)(1), including mental anguish damages as well as up to three times the amount of Plaintiff's mental anguish and economic damages.

**30.**    **LIBERTY MUTUAL** acted with conscious indifference to the rights of the Plaintiff in breaching the duty of good faith and fair dealing; therefore, **LIBERTY MUTUAL** is liable for exemplary damages.

**31.**    Additionally, Plaintiff is also entitled to the 12% penalty allowed by TEX. INS. CODE CHAPTER 542 based on Defendant's refusal to pay the claim.

**32.**    If the Defendant claims that the Plaintiff had pre-existing conditions, diseases or infirmities in body, and if said conditions or diseases existed in any degree, whatsoever, the above-described accident aggravated, accelerated and/or made worse such conditions, diseases or infirmities so as to be a proximate cause of injuries, disability and/or damages. If the Defendant claims any doctor aggravated Plaintiff's injuries, the Plaintiff may recover for aggravation of injuries brought on or about by improper medical treatment since they were not negligent in the selection of their medical advisors.

**33.**    If it is the Defendant's contention that the Plaintiff's medical bills are limited to those only paid and/or incurred by them or their insurance company, including Plaintiff's deductibles and co-payments, then Plaintiff hereby seeks recovery for the premiums they have paid for such insurance coverage since the Defendant has robbed them of the benefits of that insurance coverage without fair,

due and just compensation. Additionally, Plaintiff would show that TEX. CIV. PRAC. & REM. CODE §41.105 is an unconstitutional taking of Plaintiff's property.

## VIII.
## ATTORNEY'S FEES

**34.** Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiff is entitled to recover from Defendant the additional sum of 18 percent per year of the amount payable under the policy as penalty, together with a reasonable sum for the necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas. Additionally, Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 (8); TEX. INS. CODE ARTICLE 21.21, § 16; TEX. BUS. & COMM. CODE § 17.50; and TEX. INS. CODE ARTICLE 3.62-1.

## IX.
## INTEREST

**35.** Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## X.
## JURY DEMAND

**36.** Plaintiff requests that this case be decided by a jury as allowed by TEX. R. CIV. P. 216. The appropriate jury fee has been paid by the Plaintiff.

## XI.
## REQUEST FOR DISCLOSURE

**37.** Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant **LIBERTY MUTUAL** is requested to disclose within fifty (50) days after service of the citation and petition the information or material described in TEX. R. CIV. P. 194.2 (a) through (l).

## XII.
## NOTICE OF SELF-AUTHENTICATION

**38.** Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that he recover

from Defendant, actual damages, additional statutory damages under the DTPA, exemplary damages,

statutory penalties, pre-judgment interest, post judgment interest, attorney's fees, costs and such

other relief to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED,
THE LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78411
Telephone:    (361) 985-0600
Facsimile:    (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Robert P. Wilson
State Bar No. 21718575

**ATTORNEYS FOR PLAINTIFFS**

## CAUSE NO. _____

| | | |
|---|---|---|
| **ANDY RODRIGUEZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **LIBERTY MUTUAL INSURANCE,** | § | |
| **INC.** | § | |
| *Defendant* | § | |
| | § | |
| | § | **COMAL COUNTY, TEXAS** |

## PLAINTIFF'S DISCOVERY TO LIBERTY MUTUAL INSURANCE COMPANY

TO:   Liberty Mutual Insurance, Inc., by and through its agent for service of process, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.

   Plaintiff, ANDY RODRIGUEZ, serves his First Set of Interrogatories, Requests for Production and Requests for Admissions to Defendants, **LIBERTY MUTUAL INSURANCE COMPANY.**

RESPECTFULLY SUBMITTED,

**THE LAW OFFICES OF THOMAS J. HENRY**
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600
FAX: (361) 985-0601

BY: _____
THOMAS J. HENRY
STATE BAR NO. 09484210
ROBERT P. WILSON
STATE BAR NO. 2178575
Email: rwilson@thomasjhenrylaw.com
**\*\*service by email to this address only.**

1

## CERTIFICATE OF SERVICE

I hereby certify that on the ___9ᵗʰ___ day of ___August___ 2017 a true and correct copy of this document has been served in accordance with the Texas Rules of Civil Procedure upon the following:

Liberty Mutual Insurance, Inc.
c/o Corporation Service Company dba CSC
- Lawyers Incorporating Service Company,
211 E. 7th Street, Suite 620
Austin, Texas, 78701-3218

_____
Robert P. Wilson

2

## REQUEST FOR ADMISSIONS TO LIBERTY MUTUAL

1.  Admit that Andy Rodriguez was covered under a policy of insurance issued by defendant providing uninsured and underinsured motorist coverage that was in effect at the time of the motor vehicle collision made the basis of this suit.

    **ADMIT OR DENY:**

2.  Admit that there are no applicable policy defenses to Plaintiff's claim.

    **ADMIT OR DENY:**

3.  Admit that Nancee Conkright was an uninsured/underinsured motorist at the time of the motor vehicle collision made the basis of this suit.

    **ADMIT OR DENY:**

4.  Admit that Plaintiff has complied with all conditions precedent under the policy.

    **ADMIT OR DENY:**

5.  Admit that Plaintiff's medical bills are reasonable and necessary as a result of the motor vehicle collision made the basis of this suit.

    **ADMIT OR DENY:**

6.  Admit that the negligence of Nancee Conkright proximately caused the occurrence in question.

    **ADMIT OR DENY:**

7.  Admit that Plaintiff's damages exceed the uninsured/ underinsured motorist policy limits in your policy.

    **ADMIT OR DENY:**

3

8.   Admit that you have failed to pay Plaintiff's claim pursuant to your policy of insurance.

**ADMIT OR DENY:**

9.   Admit that Plaintiff is entitled to recover damages for uninsured motorist coverage under the policy.

**ADMIT OR DENY:**

10.  Admit that you have failed to effectuate a prompt, fair and equitable settlement of Plaintiff's claim.

**ADMIT OR DENY:**

11.  Admit that you have no evidence that the negligence of Andy Rodriguez proximately caused the occurrence in question.

**ADMIT OR DENY:**

12.  Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the occurrence made the basis of this action.

**ADMIT OR DENY:**

13.  Admit that the occurrence made the basis of this action was not an unavoidable accident.

**ADMIT OR DENY:**

14.  Admit that the occurrence made the basis of this action was not the result of a sudden and unexpected emergency.

**ADMIT OR DENY:**

4

15.    Admit that the occurrence made the basis of this action was not caused by an act of God.

   **ADMIT OR DENY:**

16.    Admit that Andy Rodriguez did not commit any acts or omissions which constituted negligence that proximately caused the incident which is the basis of this lawsuit.

   **ADMIT OR DENY:**

17.    Admit factual allegations, with respect to how this car crash happened, that are contained in                                                          the          Plaintiff's Petition are accurate.

   **ADMIT OR DENY:**

18.    Admit factual allegations that are contained in the Plaintiff's Petition are accurate.

   **ADMIT OR DENY:**

## FIRST REQUESTS FOR PRODUCTION TO LIBERTY MUTUAL

1. Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

2. All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

3. All documents and records, including expert's reports, with regard to the causation of the occurrence made the basis for this suit.

4. All documents and records, including expert's reports, with regard to the medical condition of the Plaintiff excluding any documents and records provided by Plaintiff.

5. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiff.

6. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

7. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards you now contend or will contend at trial support any defensive theory.

8. A copy of all insuring agreements relating to **Plaintiff**.

9. Your entire "underwriting" file on Andy Rodriguez's policy or the policy which covered Andy Rodriguez.

10. Your entire claim file on Andy Rodriguez's automobile policy or the policy which covered Andy Rodriguez, including, but not limited to, all documents relating to **Plaintiff's** claims for benefits.

6

11. Your entire claim files on any other policy that you issued to Andy Rodriguez or which covered Andy Rodriguez, including, but not limited to, all documents relating to **Plaintiff's** claims for benefits.

12. All reports, memoranda, or other documents related to your decision to deny **Plaintiff's** claim for benefits relating to the **JANUARY 22, 2015**, loss, and any other claims **Plaintiff** has made.

13. All correspondence between you and **Plaintiff** or **Plaintiff's** representatives concerning **Plaintiff's** claim for benefits.

14. All liability work-ups or reports relating to **Plaintiff's** claims.

15. All documents relating to any initial determination, temporary determination, tentative determination, or final determination, as to whether or not any claims made by **Plaintiff** were payable or not payable.

16. All records of every telephone conversation regarding **Plaintiff's** claim.

17. Copies of any personal notes, documents, or memoranda relating to **Plaintiff**.

18. All documents setting forth any opinion of your counsel regarding the interpretation and application of any exclusion, limitation, or other policy provision to Plaintiff's claim relating to the **JANUARY 22, 2015**, incident, to the extent that you relied on any such document in making your decision to deny **Plaintiff's** claim.

19. A document showing your organizational structure.

20. Any complaint list, complaint journal, or similar document for the most recent five (5) year period. This request seeks any list kept in the form required by the Texas Department of Insurance pursuant to 128 Tex. Admin. Code ' 21.203(6), and any similar documents.

21. Your claims denied journal and any similar documents for the most recent five (5) years.

22. All claims and underwriting files for each claim you have denied in the past five (5) years for any reason that you contend supports your denial of **Plaintiff's** claim relating to the **JANUARY 22, 2015**, incident.

23. All demand or complaint letters you have received from your policyholders, for the most recent five (5) years, after you denied their claims for benefits, for any

7

reason that you contend supports your denial of Plaintiff's claim relating to the **JANUARY 22, 2015** incident.

24. Copies of all petitions and complaints filed in any lawsuits in the past five (5) years to which you are, or have been, a party in any capacity relating to disputes involving allegations of "bad faith" deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of Article 21.21 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, any violation of any statute, rule, or regulation regulating the business of insurance, or any similar allegations.

25. Copies of any judgments that have been rendered in any lawsuits in the past five (5) years to which you are, or have been, a party in any capacity relating to disputes involving allegations of "bad faith" deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of Article 21.21 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, any violation of any statute, rule, or regulation regulating the business of insurance, or any similar allegation. Copies of any settlement agreements you have entered into in the past five (5) years relating to disputes involving allegations of "bad faith" deceptive trade practices, unconscionable actions, Article 21.21 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, any violation of any statute, rule, or regulation regulating the business of insurance, or any similar allegations.

26. Your most recent annual statement as filed with the Texas Department of Insurance.

27. All documents showing premiums paid by Andy Rodriguez or by anyone else for the policy which covered Andy Rodriguez.

28. All documents relating to company guidelines or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions that you contend apply to **Plaintiff's** claim relating to the **JANUARY 22, 2015,** incident.

29. All manuals, training materials, and similar documents, and all audio and videotapes, used in training, overseeing, or supervising your claims handling personnel.

30. Copies of all advertisements used or approved for use in Texas in the past five (5) years relating to automobile insurance.

31. All documents showing additional coverage that was available through Liberty Mutual, or any other insurer, that would have provided coverage for Plaintiff's claim relating to the JANUARY 22, 2015 incident.

32. All documents relating to the amount of any loss reserves that you have established, set aside, or reported relating to any of the claims in this lawsuit.

33. Any insurance agreement, indemnity agreement, or other document by which any person or entity may be liable to satisfy all or part of any judgment that may be rendered against you in this cause.

34. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

35. Copies of any statements you have received from any person concerning any part of the subject matter of this lawsuit.

36. All photographs, video tapes, movies, and other graphic representations of the scene of the collision, the vehicles involved, and the parties involved.

37. All plats, surveys, diagrams, sketches, maps, and photographs of the scene of the collision and the vehicles involved.

38. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

39. Any and all trial exhibits.

40. Any and all demonstrative evidence which you intend to utilize at trial.

41. Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on Plaintiff's cause of action.

42. A copy of all documents relating to any criminal records pertaining to plaintiff(s) or any witnesses.

43. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the *uninsured/underinsured driver* arising from this incident.

44. All medical records or other documents you contend show pre-existing medical condition relevant to Plaintiff's claim.

45. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

## INTERROGATORIES TO LIBERTY MUTUAL

1. Identify each person who provided information or participated in answering these interrogatories, and state which interrogatories each person provided information for or participated in answering.

**ANSWER:**

2. Identify every person with knowledge who participated to any degree in the investigation of the claims, defenses, or issues involved in this case, describe the involvement of each person identified, and state the dates of each investigation.

**ANSWER:**

3. Identify every person who participated to any degree in the evaluation of plaintiff's claims, describe the involvement of each person identified, and state the dates each such decision was made.

**ANSWER:**

4. If you contend that Plaintiff's claim has not been denied, then describe your valuation of Plaintiff's claim and the basis therefore.

**ANSWER:**

5. Identify each person or entity that you contend may be responsible for any part of plaintiffs' damages alleged in this lawsuit, state the reason that you contend the person or entity may be liable, and state all facts supporting your contention.

**ANSWER:**

6. If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

**ANSWER:**

11

7.   State every reason for your refusal to pay plaintiffs' claim. To the extent that you rely on a specific policy provision, please identify the policy provision and set forth the policy language verbatim in your answer.

ANSWER:

8.   Describe in detail the investigation and information gathering process that you utilized to assist you in your decision to deny payment of plaintiff's claim.

ANSWER:

9.   Identify each document or other source of information you used to form your decision regarding plaintiff's claim.

ANSWER:

10.   Please state the total amount of premiums paid by the plaintiffs or by Andy Rodriguez's employer for automobile policies at issue.

ANSWER:

11.   State the amount of loss reserves, if any, that you have set aside regarding any of the claim made in this lawsuit.

ANSWER:

12.   For each lawsuit filed against you in the past five (5) years involving an allegation of bad faith and deceptive trade practices, unfair practices in the business of insurance, unconscionable action or courses of action, violations of article 21.21 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, any violation of any statute, rule, or regulation relating to the business of insurance, or any similar claim, state the following.

(a)   the style, cause number, court, county, and state of the lawsuit;
(b)   the identify of the person(s) bringing suit against you;
(c)   the identity of the attorney representing the person(s) who brought suit against you;

  (d) the nature of the claim against you; and

  (e) the resolution, if any, to such lawsuit (e.p., the type of judgment rendered, the amount of any judgment, or the amount of any settlement

**ANSWER:**

13. Please state your net worth for the most recent five (5) years.

**ANSWER:**

14. Do you contend that the Plaintiffs' damages were caused in whole or in part by the negligence of a person, persons, or entities who are not a party to this suit? If so, please state:

  i. the identity or the person, persons, or entities;

  ii. all facts which would establish that such person, persons or entities caused plaintiff's injuries in whole or in part;

  iii. the exact manner in which plaintiff's injuries were caused in whole or in part by such person, persons or entities.

**RESPONSE:**

15. State any acts or omissions on the part of the Plaintiff or Plaintiffs you now contend or will contend at trial caused or contributed to the collision.

**ANSWER:**

16. State each and every factor other than the alleged negligence of the Plaintiff(s) which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

**ANSWER:**

17. State each and every factor you now contend or will contend at trial caused or contributed to the Plaintiffs' damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiffs.

**ANSWER:**

13

18.  Describe how the collision occurred and state what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement of the facts or information upon which this contention is based.

**ANSWER:**

19.  If you have not made an unqualified admission to Plaintiff's First Request for Admission No. 1, please state all the facts which support your refusal to admit Request for Admission No. 1.

**ANSWER:**

20.  If you have not made an unqualified admission to Plaintiff's First Request for Admission No. 3, please state all the facts which support your refusal to admit Request for Admission No. 3.

**ANSWER:**

21.  If you have not made an unqualified admission to Plaintiff's First Request for Admission No. 3, please state all the facts which support your refusal to admit Request for Admission No. 3.

**ANSWER:**

## VERIFICATION

**THE STATE OF** _____          §

                                      §

**COUNTY OF** _____          §

      **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, Representative who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his/her knowledge and completely true and correct.


                                     _____

                                     **REPRESENTATIVE**


                                     _____

                                     **Print Name**


**THE STATE OF** _____ §

                       §

**COUNTY OF**    _____ §

      **BEFORE ME**, the undersigned authority, on this day personally appeared _____, **Representative**, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

**SUBSCRIBED   AND   SWORN   TO   on   the** _____ **day   of** _____**, 2017.**

FILED
C2017-1353B
9/11/2017 8:15 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Susan Collier

## CAUSE NO. C2017-1353B

| | | |
|---|---|---|
| **ANDY RODRIGUEZ,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **207TH JUDICIAL DISTRICT** |
| | § | |
| **LIBERTY MUTUAL INSURANCE, INC.** | § | |
| **Defendant.** | § | **COMAL COUNTY, TEXAS** |

### DEFENDANT LIBERTY MUTUAL INSURANCE, INC.'S
### ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

Defendant Liberty Mutual Insurance, Inc. hereby files its Original Answer and would respectfully show the Court as follows:

### I.  GENERAL DENIAL

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

Defendant intends to comply with the terms and conditions of the policy sued on, and Defendant agrees to pay Plaintiff those monies which Plaintiff is legally entitled to recover as covered damages and as determined by the Court and jury.  Defendant specifically does not agree to waive any right it has under the policy of insurance sued on herein and insists on its rights as contained in said policy, including the conditions and exclusions contained therein.

### II.  CONDITIONS PRECEDENT

Defendant specifically denies that all conditions precedent to recover under the automobile insurance policy at issue have occurred.[1]  At the time Plaintiff filed suit, Plaintiff had not established the liability and/or underinsured status of the adverse driver.

---

[1] *See, e.g., Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

1

### III.    LIMIT OF RECOVERY

Texas Civil Practice and Remedies Code Section 41.0105 applies, and medical and health care damages awarded, if any, are subject to the statutory limits set forth therein, other applicable statutory authority, and common law.  Specifically, recovery of medical or health care expenses incurred is limited to the amount actually paid for or actually incurred by or on behalf of Plaintiff.

### IV.    LIMIT OF LIABILITY

Defendant's liability, if any, is limited to the applicable limits of the policy in question. As an affirmative defense pursuant to Texas Rule of Civil Procedure 94, Defendant pleads the limitations of its liability as stated in Liberty's Auto Policy No. BA1554368.

### V.    JURY DEMAND

Defendant requests a trial by jury of this lawsuit.

### VI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Mutual Insurance, Inc. hereby respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

By: _____

David R. Stephens
State Bar No. 19146100
Amanda N. James
State Bar No. 24092570
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
ajames@lstlaw.com

*Counsel for Defendant Liberty Mutual Insurance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Liberty Mutual Insurance, Inc.'s Original Answer and Request for Disclosure was served by facsimile and/or electronic service on the 11th day of September 2017, upon the following counsel of record:

Thomas J. Henry
Robert P. Wilson
THE LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78411

_____

David R. Stephens/Amanda N. James

3

C2017-1353B
9/18/2017 11:45 AM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Susan Collier

**CAUSE NO. C2017-1353B**

| | | |
|---|---|---|
| **ANDY RODRIGUEZ,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **207TH JUDICIAL DISTRICT** |
| | § | |
| **LIBERTY MUTUAL INSURANCE, INC.** | § | |
| **Defendant.** | § | **COMAL COUNTY, TEXAS** |

**DEFENDANT PEERLESS INDEMNITY INSURANCE COMPANY'S
AMENDED ANSWER AND REQUEST FOR DISCLOSURE**

Defendant Peerless Indemnity Insurance Company, *incorrectly names as Liberty Mutual Insurance, Inc.* hereby files its Original Answer and would respectfully show the Court as follows:

### I.      GENERAL DENIAL

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

Defendant intends to comply with the terms and conditions of the policy sued on, and Defendant agrees to pay Plaintiff those monies which Plaintiff is legally entitled to recover as covered damages and as determined by the Court and jury.  Defendant specifically does not agree to waive any right it has under the policy of insurance sued on herein and insists on its rights as contained in said policy, including the conditions and exclusions contained therein.

1

## II.     CONDITIONS PRECEDENT

Defendant specifically denies that all conditions precedent to recover under the automobile insurance policy at issue have occurred.[1]  At the time Plaintiff filed suit, Plaintiff had not established the liability and/or underinsured status of the adverse driver.

## III.     LIMIT OF RECOVERY

Texas Civil Practice and Remedies Code Section 41.0105 applies, and medical and health care damages awarded, if any, are subject to the statutory limits set forth therein, other applicable statutory authority, and common law.  Specifically, recovery of medical or health care expenses incurred is limited to the amount actually paid for or actually incurred by or on behalf of Plaintiff.

## IV.     LIMIT OF LIABILITY

Defendant's liability, if any, is limited to the applicable limits of the policy in question.  As an affirmative defense pursuant to Texas Rule of Civil Procedure 94, Defendant pleads the limitations of its liability as stated in Liberty's Auto Policy No. BA1554368.

## V.     JURY DEMAND

Defendant requests a trial by jury of this lawsuit.

## VI.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Mutual Insurance, Inc. hereby respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

---

[1] *See, e.g., Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

2

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

By: _____

David R. Stephens
State Bar No. 19146100
Amanda N. James
State Bar No. 24092570
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
ajames@lstlaw.com

*Counsel for Defendant Peerless Indemnity Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Liberty Mutual Insurance, Inc.'s Original Answer and Request for Disclosure was served by facsimile and/or electronic service on the **18th** day of **September 2017**, upon the following counsel of record:

Thomas J. Henry
Robert P. Wilson
THE LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78411

_____

David R. Stephens/Amanda N. James