# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDY RODRIGUEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-17-CV-928-XR |
| | § | |
| LIBERTY MUTUAL INSURANCE, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

On this date, the Court considered Plaintiff's motion to apply Texas Civil Practice and Remedies Code Section 18.001 to this case. Section 18.001 provides an alternative to expert testimony for a plaintiff to prove up the reasonableness and necessity of past medical expenses. That section provides:

> (b) Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.
>
> (c) The affidavit must:
>     (1) be taken before an officer with authority to administer oaths;
>     (2) be made by:
>         (A) the person who provided the service; or
>         (B) the person in charge of records showing the service provided and charge made; and
>     (3) include an itemized statement of the service and charge.
>
> (d) The party offering the affidavit in evidence or the party's attorney must serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case. Except as provided by the Texas Rules of Evidence, the records attached to the affidavit are not required to be filed with the clerk of the court before the trial commences.

(e) A party intending to controvert a claim reflected by the affidavit must serve a copy of the counteraffidavit on each other party or the party's attorney of record:
    (1) not later than:
        (A) 30 days after the day the party receives a copy of the affidavit; and
        (B) at least 14 days before the day on which evidence is first presented at the trial of the case; or
    (2) with leave of the court, at any time before the commencement of evidence at trial.

(f) The counteraffidavit must give reasonable notice of the basis on which the party serving it intends at trial to controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths. The counteraffidavit must be made by a person who is qualified, by knowledge, skill, experience, training, education, or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit.

TEX. CIV. PRAC. & REM. CODE § 18.001. Texas courts have recognized that section 18.001 streamlines proof and provides a significant savings of time and cost to litigants, particularly personal injury litigants, by providing a means to prove up the reasonableness and necessity of medical expenses. *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011); *Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.–Dallas 2001, pet. denied).

Plaintiff notes that although the Texas Supreme Court has characterized § 18.001 as a "purely procedural" rule to streamline proof, some federal district courts have applied it under *Erie*. *Gorman v. ESA Mgmt.*, No. 3:17-CV-0792-D, 2018 WL 295793 (N.D. Tex. Jan. 4, 2018) (granting plaintiff's motion to apply § 18.001); *Rahimi v. United States*, 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006) (finding that when a state evidentiary rule is so bound up or intertwined with a litigant's substantive rights, it was appropriate to apply it to avoid an inequitable administration of the law, and allowing the plaintiff to make a prima facie showing of

necessity and reasonableness of sums incurred for past medical expenses by affidavit under § 18.001); *Cruzata v. Wal-Mart Stores Tex., LLC*, No. EP-13-CV-00331-FM, 2015 WL 1980719, at *6 (W.D. Tex. May 1, 2015) (affidavits filed under § 18.001 are competent evidence on medical expenses). *But see Akpan v. United States*, No. H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (noting that § 18.001 is a procedural rule). Thus, these cases hold that a plaintiff "may make a *prima facie* showing of the necessity and reasonableness of sums incurred for past medical expenses by an affidavit executed in conformity with the requirements of section 18.001(c) of the Texas Civil Practice and Remedies Code." *Rahimi*, 474 F. Supp. 2d at 829.

Defendant does not oppose application of Section 18.001, so long as Plaintiff does not attempt to use the affidavits to prove causation or as conclusory evidence of damages. However, Defendant states that Plaintiff filed his affidavits on August 9, 2018 (docket nos. 30 & 31), and asks for an extension of thirty days from the date of this ruling in which to file counteraffidavits. The Court will GRANT Plaintiff's motion (docket no. 28) and holds that section 18.001 will be applied in this case. Defendant shall be given an extension of thirty days from this order to file any counteraffidavits

It is so ORDERED.

SIGNED this 3rd day of October, 2018.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE